**UNITED STATES of America**

v.

**Stephen John KURILA, Appellant.**

**No. 17149.**

United States Court of Appeals
Third Circuit.

Argued Sept. 24, 1968.

Decided Oct. 9, 1968.

for violating the Universal Military Training and Service Act of 1948, 50 U.S.C.Append. § 462(a) by failing to report to his local draft board for instructions to proceed to his assigned place of employment for civilian work in lieu of induction.

The record before us on defendant's appeal is unsatisfactory. No transcript has yet been made of the proceeding which was conducted by the district judge without a jury, and the parties have relied largely upon the draft board's file which they stipulated was to be received in evidence. The file, however, is not complete and in one important instance the parties were in disagreement at bar regarding its contents. In another instance, a crucial factor may well require oral testimony.

It appears from the file that defendant, who had been classified I–O, had been seeking an occupational deferment classification. A memorandum in the file indicates a telephone call from defendant's employer on January 5, 1967[1] advising the board that defendant was enrolled in an apprentice training program which the employer believed might qualify him for deferment. The employer was advised that because defendant was then under an order to report for civilian work in lieu of induction the matter would have to be taken up with the State Director and for this purpose was given his telephone number. The conversation was confirmed by a letter from the employer to the board which is dated January 5, 1967. In it the employer states that on the board's advice he had consulted with an official of the Manpower Division of the Office of the State Director who told him that he would review the question and then inform the board of his decision and that the board then would advise the defendant by letter sent to his home address. No advice was sent to the defendant prior

Michael Hahalyak, Pittsburgh, Pa., for appellant.

George E. Schumacher, Asst. U. S. Atty., Pittsburgh, Pa., for appellee (Gustave Diamond, U. S. Atty., Pittsburgh, Pa., on the brief).

Before BIGGS, FREEDMAN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Defendant was convicted and sentenced to imprisonment for a term of four years

---

1. The memorandum is dated January 5 and does not indicate whether the conversation had been on that day or not, but the employer's letter dated January 5 states that it confirms a conversation on January 4. The difference between January 4 and January 5 is not significant for in either event the conversation was prior to January 9, when defendant was to report.

to January 9, when he had been ordered to report. It is for his default in failing to report on January 9 that he was indicted, convicted and sentenced. The rather informal record contains, attached to one of the papers, a form from which it appears that on January 5, 1967, defendant's employer applied for approval of its apprentice training program and that such approval was given by the State Director on January 23, 1967.[2]

The district court was of the opinion that such a subsequent event would not vitiate the validity of the board's order of December 28, 1966. Nevertheless, the approval of the employer's program for deferment purposes, although given after the date on which defendant was to report, had significance in determining whether there was any reason for his failure to report, for the same document which approved the program contains his employer's application for approval and is dated January 5, 1967, prior to the date on which he was to report.

In these circumstances the letter of January 5 is of the utmost importance. Unfortunately, however, a dispute arose at bar as to when the board received it. It bears the board's stamp which is dated January 10, one day after defendant was to report. The file contains an envelope from defendant's employer addressed to the board, postmarked January 6, but the parties disagreed at bar as to whether this envelope is the one which contained the letter of January 5. At our suggestion the parties later resolved this dispute by filing a stipulation that the letter dated January 5 was enclosed in the envelope postmarked January 6, 1967. There is no evidence, however, regarding the date the board received this letter except for the stamp dated January 10; nor is there any indication that defend-

ant agrees that this is the date of its receipt.

The indictment charged that defendant "did knowingly fail and neglect and refuse to obey" the board's order to report on January 9, 1967. In determining whether defendant violated the statute which requires that defendant must have acted "knowingly", it is at least relevant to know whether he simply failed to report because he was awaiting advice from the board regarding his employer's application on his behalf to the State Director. In addition to its relevance on the question of guilt, such an item of evidence would be of the utmost significance in fixing the punishment which should be imposed.

We recognize that the local and state boards must process a huge volume of cases, but once such cases come before a federal court, especially in a criminal proceeding, it is essential that an accurate and complete record be presented. A defendant's liberty may not be invaded on conjecture, nor may facts not appearing in the record be assumed because of the informality with which the case is processed.

In view of the confusion evident in the case we believe the interests of justice require that the parties should have an opportunity to present evidence as to whether at the time defendant was ordered to report he had been awaiting word from his draft board on the request for approval of the apprentice training program in which he was enrolled. Such approval, which would confer occupational deferment on defendant, would be relevant in determining whether defendant had "knowingly" failed to report, and would also be significant in determining the appropriate punishment if defendant is held to be guilty.

2. This form is attached to a document labeled "Statement of Facts" which, however, on examination appears to be a brief for defendant although not so labeled, filed with the district court more than a month after the trial. The order of the district judge indicates that the court's attention was called to the document which it ordered to be "filed" although stating that it was not part of the record before the draft board at any time pertinent to its action which was under attack in the district court.

The judgment therefore will be vacated and the cause remanded for amplification of the record, after which the district court may enter such judgment and sentence as to it may seem justified.